UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN A. DREES, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>    Defendant. ) | CAUSE NO.: 2:21-CV-41-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Ryan A. Drees on January 26, 2021, and Plaintiff's Brief [DE 23], filed October 6, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 11, 2021, the Commissioner filed a response, and Plaintiff filed his reply on December 15, 2021. For the following reasons, the Court remands the Commissioner's decision.

**I.   Background**

On January 18, 2019, Plaintiff filed an application for benefits alleging that he became disabled on July 16, 2018. Plaintiff's application was denied initially and upon reconsideration. On August 11, 2020, Administrative Law Judge ("ALJ") Charles J. Thorbjornsen held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On August 27, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since July 16, 2018, the alleged onset date.

2. The claimant has the following severe impairments: degenerative joint disease, status-post bilateral his replacements; knee disorder, degenerative disk disease lumbar and thoracic spine.

1

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work except that he can sit for six (6) hours, stand for one (1) hour, and walk for one (1) hour; he can operate foot and hand controls bilaterally frequently; no reaching overhead to the left or right, for all other reaching he can reach frequently to the left and right; he can handle, finger, and feel items frequently with the left and right hand; the claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally, the claimant can work at unprotected heights occasionally, around moving mechanical parts occasionally, and operating a motor vehicle frequently; the claimant can work around frequent exposure to humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold, and extreme heat; the claimant can frequently be exposed to loud noise.

5. The claimant is unable to perform any past relevant work.

6. The claimant was a younger individual age 18-49 on the application date.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant is not disabled.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, from July 16, 2018, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE

10]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780,

782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in rejecting the opinions of Plaintiff's treating rheumatologist and relying on the opinion of the state consultant cardiologist in assessing Plaintiff's residual functional capacity ("RFC"). Plaintiff further argues that the hypothetical posed to the VE failed to include all of Plaintiff's impairments and the ALJ therefore erred in his conclusion at step five. The Commissioner argues that the ALJ's opinion is supported by substantial evidence, Plaintiff's impairments were accommodated, and that a more restrictive RFC is not supported by the record.

Plaintiff argues that the ALJ erred in evaluating the opinions of Plaintiff's treating doctor. The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most

4

important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2).

Dr. Reddy, Plaintiff's treating rheumatologist, opined that Plaintiff needed to raise his legs to waist level six times per day for twenty minutes to reduce swelling. AR 698. Dr. Reddy also noted "joint swelling localized to one or more joints" and an elevated "sedimentation rate" on numerous occasions. AR 358, 371, 379, 709, 715, 719, 751, 755, 761, 771, 775, 780, 785, 789, and 793. The ALJ dismissed Dr. Reddy's diagnosis and opinion because "the overall tone of said medical statement is one of exaggeration that goes unsupported by the overall evidence of record." AR 31-32. The ALJ did not point to any evidence that contradicts Dr. Reddy's opinion that leg elevation would assist with reducing inflammation. The RFC made no reference about Plaintiff's need to elevate his legs.

The ALJ instead found the medical opinions of Dr. Krishnamurthi, the state-contracted cardiologist who opined on Plaintiff's limitations, to be persuasive. Plaintiff argues that Dr. Krishnamurthi's initial opinion failed to take into account any of Plaintiff's shoulder limitations, and although he revised his assessment when the oversight was pointed out to him, he still failed to take into account the year's worth of examinations showing limited shoulder flexion. Similarly, Dr. Krishnamurthi noted the single incidence of a sedimentation rate within normal levels and disregarded the other abnormal levels. AR 56. If Plaintiff was unable to raise his arms to shoulder level, it could impact his ability to, not only reach overhead, but bilaterally as well. The RFC only limits Plaintiff to no overhead reaching, with all other reaching being permitted frequently.

The ALJ appears to have disregarded the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the

5

medical source only reviews evidence in [their] folder." 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions."). Although the ALJ is not required to give controlling weight to the opinions of Plaintiff's treating specialists, in this case ALJ has failed to "provide a 'logical bridge' between the evidence and his conclusions" to disregard the specialists' opinions because of some findings of stability and improvement and rely instead on the opinions of physicians who only reviewed the record. *O'Connor-Spinner*, 627 F.3d at 618; *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"). In short, the ALJ has failed to "provide a 'logical bridge' between the evidence and his conclusions" about Plaintiff's physical abilities. *O'Connor-Spinner*, 627 F.3d at 618.

      This case is being remanded for a new determination of the effects of Plaintiff's spinal, hip, shoulder, and knee conditions, and the new RFC should incorporate all limitations, as determined through adequate consideration of the medical records. On remand, the ALJ is reminded to consider

and properly weigh all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion. The ALJ is reminded that "[w]hen an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). On remand, the ALJ is directed to consider all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion.

### VI.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 23] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 19th day of August, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:  All counsel of record